UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| ADRIAN COLE, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:11-cv-1570-WTL-DML |
| | ) | |
| SANDY ROARK, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**Order (1) Denying Motion for Default Judgment, (2) Establishing Certain Deadlines, and (3) Transferring Action to Northern District of Indiana**

**I.**

The plaintiff seeks resolution of his claims through the entry of a default judgment. His effort is procedurally improper under the *Federal Rules of Civil Procedure. Peak v. District of Columbia,* 236 F.R.D. 13, 15 (D.D.C. 2006) (explaining that "Rule 55 sets forth a two-step process for a party seeking default judgment. A plaintiff must first obtain an entry of default from the clerk of the court, and then she may seek an entry of default judgment. 10A Fed. Prac. & Proc. Civ. 3d § 2682 (stating that '[p]rior to obtaining a default judgment under either Rule 55(b)(1) or Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a)') (some internal citations omitted). By filing a motion for 'entry of default and default judgment' the plaintiff attempts to lump the two steps into one. *Fed.R.Civ.P.* 55. The plaintiff has not yet completed the first step of seeking an entry of default. This step, however, is the necessary predicate to a grant of default judgment against any defendant. As a result, the plaintiff brought her motion improperly, and the court declines the invitation to short-circuit the procedural requirements of the rule.").

The plaintiff's motion for default judgment [21] is therefore **denied**.

**II.**

As explained in Part III of this Entry, the action is being transferred to the Northern District of Indiana. Because certain processing is required for that to occur, and because clarity on this point should be maintained, the time within which any defendant who has appeared in the action shall have in which to file an answer or other responsive pleading to the complaint is extended **through thirty (30) days after the action is docketed in the transferee court.**

The plaintiff's motion to amend and to supplement [20] shall be acted on by the transferee court.

### III.

This is a civil rights complaint brought pursuant to 42 U.S.C. § 1983. The plaintiff is a prisoner confined at the Miami Correctional Facility. With the exception of one individual with state-wide responsibilities, the individual defendants are employed at Miami Correctional Facility. The Miami Correctional Facility is located in the Northern District of Indiana.

When jurisdiction is not founded solely on diversity, venue is proper only in the district in which (1) any defendant resides, if all of the defendants reside in the same state, (2) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) any defendant may be found, if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(b). Here, the defendants, the alleged misconduct, and the evidence all are located or took place in the Northern District of Indiana. Another statute, 28 U.S.C. § 1404, provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Under these circumstances, the better venue for the action is the Northern District of Indiana.

Based on the foregoing and the agreement of the parties [see dkt 17 and 18], the above action is **TRANSFERRED** to the United States District Court for the Northern District of Indiana at South Bend, Indiana.

**IT IS SO ORDERED.**

Date: __03/01/2012__

_William T. Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

**Distribution:**

**All electronically registered counsel**

Adrian Cole
DOC #882903
Miami Correctional Facility
Inmate Mail/Parcels
3038 West 850 South
Bunker Hill, IN 46914