# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF INDIANA
## SOUTH BEND DIVISION

ADRIAN COLE,                       )
                                   )
Plaintiff,                         )
                                   )
vs.                                )    CAUSE NO. 3:12-CV-115
                                   )
SANDY ROARK, *et al.*,             )
                                   )
Defendants.                        )

## OPINION AND ORDER

This matter is before the Court on a motion to amend filed by Adrian Cole on February 7, 2012, and on the Amended Complaint filed by him on January 20, 2012. For the reasons set forth below, the Court: (1) **GRANTS** the motion (DE # 20) to amend; (2) **DIRECTS** the clerk to add the Indiana Department of Correction as a defendant; (3) **DISMISSES** all the federal law claims; (4) **DECLINES** to exercise supplemental jurisdiction over the State law claims; and (5) **REMANDS** this case to the Marion Superior Court.

BACKGROUND

Adrian Cole, a *pro se* prisoner, filed this case in the Marion Superior Court. The defendants removed the case to the United States District Court for the Southern District of Indiana. There, Cole filed an Amended Complaint and later filed a motion asking the

court to accept that filing and permit him to add a defendant.  The Southern District transferred the case to this Court without having ruled on the motion.

In the Amended Complaint, Cole explains that he was a prisoner at the Miami Correctional Facility where he was employed by PEN Products until he was fired on July 22, 2011.  While there, he alleges that he was harassed and intimidated.  He alleges that he was wrongly fired for the misconduct of another inmate.  He alleges that he has been defamed because his record now states, "Fired for theft/do not re-hire."  (DE # 15 at 5.)

DISCUSSION

Cole seeks leave to file the Amended Complaint.  "The court should freely grant leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  This is the first amended complaint that Cole has filed and this case has not yet been screened as required by 28 U.S.C. § 1915A.  Thus, even though all of the federal claims will be dismissed, there is no prejudice to any party to permit the amendment.  Therefore, in the interests of justice, the Court will accept the Amended Complaint and direct the clerk to add the Indiana Department of Correction as a defendant.

Nevertheless, because the Eleventh Amendment prohibits monetary damage suits against States and their agencies, *Kashani v. Purdue University*, 813 F.2d. 843, 845 (7th Cir. 1987), Cole may not

proceed on a federal law claim against the Indiana Department of Correction. Thus, all the federal claims against this new defendant will be dismissed. So too, PEN Products, a division of the Indiana Department of Correction created pursuant to Indiana Code 11-10-6-2, is also immune from suit in federal court. Moreover, "a suit against a[n] . . . official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Therefore all of the federal law official capacity claims must also be dismissed. This leaves only the individual capacity claims against the three individually named defendants.

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). However, pursuant to 28 U.S.C. § 1915A, the Court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under §

1915A as when addressing a motion under RULE 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). "In order to state a claim under § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

Cole lists five claims in his Amended Complaint. First he alleges that Sandy Roark, Tonya Zimmerman, and Diantha Bradley, "discriminated against the Plaintiff due to his race, religion and national origin." (DE # 15 at 7.) Cole does not identify his race, his religion, nor his national origin. Neither does he explain when or how others were treated differently. "[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, ___; 129 S. Ct. 1937, 1949; 173 L. Ed. 2d 868, 884 (2009) (quotation marks and citations omitted). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations

-4-

in the complaint are true (even if doubtful in fact)."  *Bell Atl.*

*Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (brackets, citations,

quotation marks, and footnote omitted).  Thus, a "plaintiff must do

better than putting a few words on paper that, in the hands of an

imaginative reader, *might* suggest that something has happened to

her that *might* be redressed by the law."  *Swanson v. Citibank,*

*N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

Here, Cole has not done so.  Rather, his claim of racial,

religious, and national origin discrimination is nothing more than

unsupported conjecture.[1]  The facts alleged in the Amended

Complaint do not permit the Court to infer that the defendants

might be liable for illegally discriminating against Cole.

---

[1] Indeed, the facts as alleged provide no basis for inferring that Cole was fired because of illegal animus.  Stolen items were found hidden in his work area.  That was sufficient evidence to support firing him. *See Superintendent v. Hill*, 472 U.S. 445, 456-57 (1985) (disciplinary action supported when inmate was one of three seen fleeing from scene of assault even when victim denied fellow inmates had assaulted him); and *Hamilton v. O'Leary*, 976 F.2d 341, 346 (7th Cir. 1992) (discovery of weapon in area controlled by four inmates created twenty-five percent chance of guilt supporting disciplinary action).

> Prison administrators should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security. That deference extends to a prison security measure taken in response to an actual confrontation with riotous inmates, just as it does to prophylactic or preventive measures intended to reduce the incidence of these or any other breaches of prison discipline.

*Whitley v. Albers*, 475 U.S. 312, 321-22 (1986) (citations, ellipsis, and quotation marks omitted).

Cole has provided no facts which indicate that his race, religion, or national origin played any role in the decision to fire him.  Prisoners have neither a liberty nor property interest in their prison work assignments and they are not entitled to due process before being fired. *Dewalt v. Carter*, 224 F.3d 607, 613 (7th Cir. 2000) and *DeTomaso v. McGinnis*, 970 F.2d 211, 212 (7th Cir. 1992).

Therefore, Cole does not state a federal claim for discrimination and this claim will be dismissed.

Second, Cole alleges that the defendants, "discriminated against the Plaintiff under State Law by falsely accusing the Plaintiff for "THEFT" . . . ." (DE # 15 at 8.) Because all of the federal law claims are dismissed by this order, pursuant to 28 U.S.C. § 1367(c)(3), the Court declines to exercise supplemental jurisdiction over this and any other remaining State law claims.

Third, Cole alleges that the defendants created "a hostile work environment." (DE 15 at 8.) Specifically, Cole alleges that he was accused of theft, that his work area was searched, and that he was told, "I'm gonna get you." (DE # 15 at 4.) He also alleges that he was lied to when he was told that he was not going to be disciplined or fired. "[S]imple verbal harassment does not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest or deny a prisoner equal protection of the laws." *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000). "[H]arassment, while regrettable, is not what comes to mind when one thinks of 'cruel and unusual' punishment." *Dobbey v. Ill. Dep't of Correction*, 574 F.3d 443, 446 (7th Cir. 2009) ("The case falls well short of *Burton v. Livingston*, 791 F.2d 97, 100-01 (8th Cir. 1986), where a prisoner alleged that a guard pointed a gun at him, cocked it, called him 'nigger,' and repeatedly threatened to shoot him, or *Irving v. Dormire, supra*, 519 F.3d at 449-50, where

a prisoner alleged that a guard had threatened to kill him, repeatedly offered a bounty to any prisoner who would assault him, and gave a prisoner a razor blade with which to assault him. *See also Northington v. Jackson, supra*, 973 F.2d at 1524."). Furthermore, "the Fourth Amendment proscription against unreasonable searches does not apply within the confines of the prison cell." *Hudson v. Palmer*, 468 U.S. 517, 526 (1984). Thus, Cole does not state a federal claim for harassment.

Fourth, Cole alleges that he was defamed because the defendants wrote, "FIRED FOR THEFT/DO NOT RE-HIRE." (DE # 15 at 9.) This does not state a federal claim because "[d]efamation is not a deprivation of liberty within the meaning of the due process clause." *Patton v. Przybylski*, 822 F.2d 697, 700 (7th Cir. 1987) *citing Paul v. Davis*, 424 U.S. 693, 711-12 (1976) and *Colaizzi v. Walker*, 812 F.2d 304, 307 (7th Cir. 1987).

Fifth, Cole alleges that the defendants intentionally inflicted emotional distress on him when they fired him from his job and defamed him. As previously explained, the Court declines to exercise supplemental jurisdiction over this state law claim.

CONCLUSION

For the reasons set forth above, the Court: (1) **GRANTS** the motion (DE # 20) to amend; (2) **DIRECTS** the clerk to add the Indiana Department of Correction as a defendant; (3) **DISMISSES** all the

federal law claims; (4) **DECLINES** to exercise supplemental jurisdiction over the State law claims; and (5) **REMANDS** this case to the Marion Superior Court.


DATED: March 22, 2012                    /s/RUDY LOZANO, Judge
                                         **United State District Court**